**UNITED STATES of America**

v.

**An article of Drug, etc.** . . . ., consisting of **40 CASES**, etc. . . . . "**CDC CAPSULES** . . . .", **Cove Vitamin and Pharmaceutical, Inc.**

**No. 62 M 63.**

United States District Court
E. D. New York.
March 21, 1962.

See also 204 F.Supp. 283.

Milton Bass, New York City (Bass & Friend, New York City, of counsel) for claimant in support of motion.

Martin R. Pollner, Adelphi, Md. (Joseph P. Hoey, U. S. Atty., of counsel), opposed.

DOOLING, District Judge.

Claimant moves for summary judgment on the issues tendered by so much of the libel of information (21 U.S.C.A. § 334 (a)) as alleges that claimant's CDC capsules were "misbranded" (21 U.S.C.A. § 352(a)) in that their "labelling"—which is alleged to include, as "printed or graphic matter" "accompanying" the article, Taller's book "Calories Don't Count" (21 U.S.C.A. § 321(m) (2))—represents and suggests that the article is adequate and effective "to lower and control the cholesterol level of the blood; for the treatment and prevention of arteriosclerosis and heart burn; and to improve the complexion; increase resistance to colds and sinus trouble; promote health; increase sexual drive; and for other purposes".

Claimant agrees that Taller's "Calories Don't Count" "is, in part, labeling for the claimant's product insofar as claimant refers to the weight control program of that book and the dietary instructions contained therein." Claimant contends that by its product's label, container, enclosed booklet and all of its advertising materials it has invoked only the Taller weight control program as given in Taller's book and that these limited references preclude any claim that any other part of Taller's book, and especially his assertion of the therapeutic value of weight control, constitutes "labelling" of its CDC capsules. Claimant emphasizes that Taller's book is in its own right a "best seller", published by an unaffiliated publisher of standing and is not sales literature produced and circulated by claimant. It argues that if limited references to books that are independent of the drug in their provenance are treated willy-nilly as adopting all parts of the book as "labelling", absurdities follow in-

evitably, including constructive adoption of contradictions, irrelevancies, and disclaimed assertions.

Claimant agrees that if Taller's book in its entirety is "labelling" of the capsules, there is a triable issue of fact on the correctness of the assertions singled out by the libellant. The question, therefore, is whether claimant has demonstrated beyond factual controversy that Taller's book is "labelling" of claimant's product to the extent only of the book's statement of the weight control program, for it does not appear to be argued that it is possible on the present motion to establish any limit to the "label" short of the whole book if claimant's limitation of its references to Taller's "Weight Control Program" are not shown on the present evidence to delimit the part of the book that is "labelling".

Libellant denies the possibility that less than the whole book can be labeling if any significant part of the book is labeling and maintains in any case that claimant's references can not determine how much of the book is labeling but only objective fact and the effect of the material on consumers.

The intentional association of the capsules with at least part of the book is plain and conceded. The package of the capsules uses the color scheme of the cloth binding of the book. The title of the book is inserted on the paster label and cardboard container of the capsule bottle to explain the reference to the "CDC Weight Control Program". The pamphlet inserted in each container of pills gives under the letters "CDC" the title of the book in quotation marks and bears a background photograph of the book in its dust jacket. The pamphlet states that it is made up of excerpts from the book and adds, by footnote to a reference to Taller's recommended reducing program, the sentence, "For a detailed description of this program, we suggest you read the entire book." In the first of the series of newspaper advertisements presented, Taller and his program are discussed. In the second, the book itself is advertised for sale on the same page as the capsules. The fourth advertisement does not refer to Taller but to a "well-known doctor" and counsels purchase of CDC capsules "to make sure you have the same capsules used by this well-known doctor in his work". Taller at page 21 refers to a three ounce daily dosage of an oily substance prescribed to him by a "researcher" which alleviated his cholesterol count and occasioned loss of weight and he states, of his daily dose of the oily substance, "(Recently developed capsules have made the routine easier.)" At page 151 Taller lists safflower oil as highest in percentage content of linoleic acid, and he states, at page 152, that linoleic acid is clearly the most valuable of the unsaturated fats and that it "is becoming more easily available, both in liquid form and in capsules obtainable at drug and department stores or through such mail-order sources as Cove Pharmaceuticals", evidently meaning claimant, though that is not its correct name. Taller says (p. 152) that the easiest routine is to take two capsules before each meal and refers to capsules of safflower seed that contain vitamin B–6, "a valuable factor in the burning of fatty tissue". Claimant's capsules are to be taken two before each meal and the ingredients are safflower oil and vitamin B–6. A window sticker, supplied by claimant to merchants, depicts a package of claimant's article opposite a copy of Taller's book in its dust jacket. One merchant is shown to have mounted a display of the article and a poster picturing the article and the book and stating "Book Available in Our Book Dept. On The Mezzanine".

The limitations on the adoption of the Taller book are, on this record, at best implied; there is no express disclaimer of any part of the Taller book and the references to it are not shown on this record to be such as to restrict the buyer's attention to any specified pages in the book. Nowhere is there shown to be rejection of anything Taller says; there is the suggestion, on every package, that the capsule buyer read the entire book.

The claimant's own sales literature makes no direct claims of the kind involved in this motion;[1] the keynote of the reference to Taller is "Calories Don't Count—Weight Control Program". No particular section of Taller's book has such a title or heading. The chapter entitled "Your 'Diet'" (pp. 136-157) is the one excerpted in the pamphlet contained in each container of capsules and is characterized thus by Taller; "This, in a sense, is your reference chapter, one to keep reviewing and to keep studying, for it tells you how to put my new nutrition principle into practice." This chapter contains typical questions and Taller's answers; one pair reads:

"Q: Will the diet have any beneficial effects aside from getting rid of fat?

"A: Your general disposition and outlook may improve, because you are nourishing your body properly. Your complexion may improve. You will be less likely to suffer from heartburn. You may experience an increased sexual drive. (These improvements have all been reported to me by many of my patients.)"

Adopting claimant's theory, it is not feasible to sort out the "Your 'Diet'" chapter of Taller as between the adopted and the rejected. The adoption would not, it seems, be limited to what is quoted in the pamphlet; certainly, on claimant's theory, it would extend to the discussion of safflower oil and to the references to "Cove Pharmaceuticals" and to the safflower oil-vitamin B–6 capsules. Adoption cannot, it seems, on claimant's theory as presented on this motion, stop short of page 153, line 7. Line 8, however, reads, "I think this is a chapter you may want to read several times." The next paragraph commences, "Of course you have questions." Lower on the page start the typical questions and answers (one pair of which is quoted above) followed by the closing statement that, "This, in a sense, is your reference chapter".

Claimant's contention understates the apparently intended unity of Taller's book. Taller does not profess simply to supply a workable weight-reducing program. He argues broadly that obesity is a threat to health, that the supposedly traditional modes of alleviating it are ineffective, unscientific and potentially dangerous to health, and that the program he recommends, and the supposed biochemical basis of which he outlines, will control weight and in reasonable likelihood produce a range of beneficial side-effects. Taller's book is not self-divided; it could be divided, although not easily, into background and theory, program and benefits, but no division is invited by Taller and claimant's direct advertising literature, as produced on this motion, does not counsel that but suggests reading the entire book.

Since claimant's motion depends absolutely on showing beyond substantial factual controversy that the Taller book is invoked as labeling only in a definable part that excludes the statements relied on by libellant, the motion must be denied for failure to show on this motion that the advertising material relied upon delimits beyond reasonable controversy the part less than the whole of Taller's book that constitutes labeling. The record made on this motion supports as a permissible inference of fact that adoption of the book is unlimited.

The motion, so far as framed under Fed.Rules Civ.Proc. Rule 12, 28 U.S.C.A. rather than Rule 56, could present the issue no more advantageously to claimant, if the motions under Rule 12 are considered available to claimant at this stage of the case and in the form presented.

Accordingly claimant's motions are in all respects denied.

It is so ordered.

1. On the window sticker, picturing the Taller book, it is possible to read the dust jacket assertion that weight loss links to "a low cholesterol count, better skin condition and resistance to cold and sinus trouble." Claimant says consumers could not read this when the sticker is on normal display.